Model Plan  
Rev._9/1/2006

Trustee:  ___ Marshall   ___ Meyer  
         ___ Stearns    ___ Vaughn

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

In re:                                            ) Case No. ____ B _____
                                                  )
_____,           ) ☐ Original Chapter 13 Plan
                                                  )
            Debtors.                              ) ☐ Modified Chapter 13 Plan, dated _____

☐ **A check in this box indicates that the plan contains special provisions, set out in Section G. Otherwise, the plan includes no provisions deviating from the model plan adopted by the court at the time of the filing of this case.**

**A. Budget items**

1. As stated in the debtor's Schedule I and J, (a) the number of persons in the debtor's household is _____; (b) their ages are _____; (c) total household monthly income is $_____: and (d) total monthly household expenses are $ _____, leaving $_____ available monthly for plan payments.

2. The debtor's Schedule J includes $ _____ for charitable contributions; the debtor represents that the debtor made substantially similar contributions for _____ months prior to filing this case.

**B. General provisions**

1. The debtor assumes all unexpired leases and executory contracts identified in the debtor's Schedule G.

2. Claims secured by a mortgage on real property of the debtor, set out in Paragraph 5 of Section E of this plan, shall be treated as follows:

(a) *Prepetition defaults.* If the debtor pays the cure amount specified in Paragraph 5 of Section E, while timely making all required postpetition payments, the mortgage will be reinstated according to its original terms, extinguishing any right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition.

(b) *Postpetition defaults.* Within 30 days of issuing the final payment of any cure amount specified in Paragraph 5 of Section E, the standing trustee shall serve upon the mortgagee, the debtor, and any attorney for the debtor a notice stating (1) that the cure amount has been paid, satisfying all prepetition mortgage obligations of the debtor, (2) that the mortgagee is required to treat the mortgage as reinstated and fully current unless the debtor has failed to make timely payments of postpetition obligations, (3) that if the debtor has failed to make timely payments of any postpetition obligations, the mortgagee is required to itemize all outstanding payment obligations as of the date of the notice, and file a statement of these obligations with the court, giving notice to the standing trustee, the debtor, and any attorney for the debtor, within 60 days of service of the notice from the trustee (or such longer time as the court may order), (4) that if the mortgagee fails to file and serve a statement of outstanding obligations within the required time, the mortgagee is required to treat the mortgage as reinstated according to its original terms, fully current as of the date of the trustee's notice,  and (5) that if the mortgagee does serve a statement of outstanding obligations within the required time, the debtor may (i) within 30 days of service of the statement, challenge the accuracy of the statement by motion filed with the court, on notice to the mortgagee and the standing trustee, with  the court resolving the challenge as a contested matter,  or (ii) propose a modified plan to provide for payment of additional amounts that the debtor acknowledges or the court determines to be due.  To the extent that amounts set forth on a timely filed statement of outstanding obligations are not determined by the court to be invalid or are not paid by the debtor through a modified plan, the right of the mortgagee to collect these amounts will be unaffected.  No liability shall result from any non-willful failure of the trustee to serve the notice required by this subparagraph.

(c) *Costs of collection.*  Costs of collection, including attorneys' fees, incurred by the holder after the filing of this bankruptcy case and before the final payment of the cure amount specified in Paragraph 5 of Section E may be added to that cure amount pursuant to order of the court on motion of the holder.  Otherwise, any such costs of collection shall be claimed pursuant to subparagraph (b) above.

**3.** The holder of any claim secured by a lien on property of the estate, other than a mortgage treated in Section C or in Paragraph 2 of Section E, shall retain the lien until the earlier of (a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328, at which time the lien shall terminate and be released by the creditor.

**4.** The debtor shall retain records, including all receipts, of all charitable donations listed in Schedule J.

**C. Direct payment of claims by debtor**

☐ The debtor will make no direct payments to creditors holding prepetition claims. /or/

☐ The debtor will make current monthly payments, as listed in the debtor's Schedule J─increased or decreased as necessary to reflect changes in variable interest rates, escrow requirements, collection costs, or similar matters─directly to the following creditors holding claims secured by a mortgage on the debtor's real property:

      Creditor: _____, monthly payment, $ _____;
      Creditor: _____, monthly payment, $ _____.

*If this box is ☐ checked, additional direct mortgage payments are listed on the **overflow page**.*

**D. Payments by debtor to the trustee; plan term and completion**

1. *Initial plan term.* The debtor will pay to the trustee $_____ monthly for _____ months [and $_____ monthly for an additional _____ months], for total payments, during the initial plan term, of $_____. [Enter this amount on Line 1 of Section H.]

2. *Adjustments to initial term.* If the amount paid by the debtor to the trustee during the initial plan term does not permit payment of general unsecured claims as specified in Paragraphs 8 and 9 of Section E, then the debtor shall make additional monthly payments, during the maximum plan term allowed by law, sufficient to permit the specified payments.

3. *Plan completion.*  ☐ The plan will conclude before the end of the initial term, as adjusted by Paragraph 2, only at such time as all allowed claims are paid in full, with any interest required by the plan   /or/
☐   The plan will conclude before the end of the initial term at any time that the debtor pays to the trustee the full amounts specified in Paragraphs 1 and 2.

**E. Disbursements by the trustee**

The trustee shall disburse payments received from the debtor under this plan as follows:

1. *Trustee's fees.* Payable monthly, as authorized; estimated at _____% of plan payments; and during the initial plan term, totaling $_____. [Enter this amount on Line 2a of Section H.]

2. *Current mortgage payments.* Payable according to the terms of the mortgage, as set forth below, beginning with the first payment due after the filing of the case.  Each of these payments shall be increased or decreased by the trustee as necessary to reflect changes in variable interest rates, escrow requirements, or similar matters; the trustee shall make the change in payments as soon as practicable after receipt of a notice of the change issued by the mortgage holder, but no later than 14 days after such receipt.  The trustee shall notify the debtor of any such change at least 7 days before putting the change into effect.  Any current mortgage payment made by the debtor directly to the mortgagee shall be deducted from the amounts due to be paid to the trustee under this plan.

(a) To creditor_____, monthly payments of $_____. .These payments, over the term of the plan, are estimated to total $ _____.  .

(b) To creditor_____, monthly payments of $_____. . These payments, over the term of the plan, are estimated to total $ _____.  .
.
If this box  ☐  is checked, additional current mortgage payments are listed on the overflow page. The total of all current mortgage payments to be made by the trustee under the plan is estimated to be $_____. [Enter this amount on Line 2b of Section H.]

3. *Other secured claims.* All secured claims, other than mortgage claims treated above, are to be paid in full during the plan term, with interest at an annual percentage rate specified below in the amounts stated (subject to reduction with the consent of the creditor, implemented as for reductions of mortgage arrears), regardless of contrary proofs of claim, in monthly installments, with fixed monthly payments as specified below:

(a) Creditor: _____    Collateral: _____
Amount of secured claim: $_____  APR _____%  Fixed monthly payment: $_____;
Total estimated payments, including interest, on the claim: $_____.    Check if non-PMSI

(b) Creditor: _____    Collateral: _____
Amount of secured claim: $_____  APR _____%  Fixed monthly payment: $_____;
Total estimated payments, including interest, on the claim: $_____.    Check if non-PMSI

If this box □ is checked, additional secured claims are listed on the overflow page. [All claims in the debtor's Schedule D, other than mortgages treated above, must be listed in this paragraph.]
The total of all payments on these secured claims, including interest, is estimated to be $_____.
[Enter this amount on Line 2c of Section H.]

4. *Priority claims of debtor's attorney.* Payable in amounts allowed by court order. The total claim of debtor's attorney is estimated to be $_____.[Enter this amount on Line 2d of Section H.]

5. *Mortgage arrears.* Payable as set forth below, regardless of contrary proofs of claim, except that the arrears payable may be reduced either with the consent of the mortgagee or by court order, entered on motion of the debtor with notice to the trustee and the mortgagee. Any such reduction shall be effective 14 days after either the trustee's receipt of a notice of reduction consented to by the mortgagee or the entry of a court order reducing the arrearage.

(a) To creditor_____,
arrears of $_____, payable monthly from available funds, pro rata with other mortgage arrears,

□ without interest /or/ □ with interest at an annual percentage rate of _____%.
These arrearage payments, over the term of the plan, are estimated to total $_____.

(b) To creditor_____,
arrears of $_____, payable monthly from available funds, pro rata with other mortgage arrears,

□ without interest /or/ □ with interest at an annual percentage rate of _____%.
These arrearage payments, over the term of the plan, are estimated to total $_____.

If this box □ is checked, additional mortgage arrearage payments are listed on the overflow page.
The total of all mortgage arrearage payments to be made by the trustee under the plan is estimated to be $_____. [Enter this amount on Line 2e of Section H.]

6. *Allowed priority claims other than those of the debtor's attorney.* Payable in full, without interest, on a pro rata basis. The total of all payments on non-attorney priority claims to be made by the trustee under the plan is estimated to be $ _____. [Enter this amount on Line 2f of Section H.]

7. *Specially classified unsecured claim.* A special class consisting of the following non-priority unsecured claim:   shall be paid at _____% of the allowed amount. The total of all payments to this special class is estimated to be $ _____.[Enter this amount on Line 2g of Section H.]

Reason for the special class:_____.

8. *General unsecured claims (GUCs).* All allowed nonpriority unsecured claims, not specially classified, including unsecured deficiency claims under 11 U.S.C. § 506(a), shall be paid, pro rata,  □ in full, /or / □ to

the extent possible from the payments set out in Section D, but not less than _____% of their allowed amount. [Enter minimum payment percentage on Line 4b of Section H.]

9. *Interest.* Interest ☐ shall not be paid on unsecured claims /or / interest ☐ shall be paid on unsecured claims, including priority and specially classified claims, at an annual percentage rate of _____%. [Complete Line 4d of Section H to reflect interest payable.]

**F. Priority**   The trustee shall pay the amounts specified in Section E of this Plan in the following order of priority, with claims in a given level of priority reduced proportionately in the event of a deficiency in plan payments: (1) trustee's authorized percentage fee; (2) current mortgage payments; (3) secured claims listed in Section E.3; (4) priority claims of the debtor's attorney; (5) mortgage arrears; (6) priority claims other than those of the debtor's attorney; (7) specially classified non-priority unsecured claims; and (8) general unsecured claims.

**G. Special terms**   Notwithstanding anything to the contrary set forth above, this Plan shall include the provisions set forth in the box following the signatures. The provisions will not be effective unless there is a check in the notice box preceding Section A.

**H. Summary of payments to and from the trustee**

(1) Total payments from the debtor to the Chapter 13 trustee (subject to Paragraph 2 of Section D)     $_____

(2) Estimated disbursements by the trustee for non-GUCs (general unsecured claims):
   (a) Trustee's Fees     $_____
   (b) Current mortgage payments     $_____
   (c) Payments of other allowed secured claims     $_____
   (d) Priority payments to debtor's attorney     $_____
   (e) Payments of mortgage arrears     $_____
   (f) Payments of non-attorney priority claims     $_____
   (g) Payments of specially classified unsecured claims     $_____
   (h) Total *[add Lines 2a through 2g]*     $_____

(3) Estimated payments available for GUCs and interest during initial plan term *[subtract Line 2h from Line 1]*     $_____

(4) Estimated payments required after initial plan term:
   (a) Estimated total GUCs, including unsecured deficiency claims under § 506(a)     $_____
   (b) Minimum GUC payment percentage     _____%
   (c) Estimated minimum GUC payment *[multiply line 4a by line 4b]*     $_____
   (d) Estimated interest payments on unsecured claims     $_____
   (e) Total of GUC and interest payments *[add Lines 4c and 4d]*     $_____
   (f) Payments available during initial term *[enter Line 3]*     $_____
   (g) Additional payments required *[subtract Line 4f from line 4e]*     $_____

(5) Additional payments available:
   (a) Debtor's monthly payment less trustee's fees and current mortgage payments made by the trustee     $_____
   (b) Months in maximum plan term after initial term     _____
   (c) Payments available *[multiply line 5a by line 5b]*     $_____

| | |
|---|---|
| **I. Payroll Control** | ☐ A check in this box indicates that the debtor consents to immediate entry of an order directing the debtor's employer to deduct from the debtor's wages the amount specified in Paragraph 1 of Section D and to pay that amount to the trustee on the debtor's behalf. If this is a joint case, details of the deductions from each spouse's wages are set out in Section G. |
| **Signatures:** | **Debtor(s) [Sign only if not represented by an attorney]** |

_____   _____ **Date** _____

**Debtor's Attorney/s/** _____ **Date** _____

**Attorney Information (name, address, telephone, etc.)**

[ ]

**Special Terms** *[as provided in Paragraph G]*

[ ]